STEVEN J. ROTHANS – State Bar No. 106579
JILL WILLIAMS – State Bar No. 221793
CARPENTER, ROTHANS & DUMONT
888 S. Figueroa Street, Suite 1960
Los Angeles, CA  90017
(213) 228-0400 / (213) 228-0401 [Fax]
srothans@crdlaw.com / jwilliams@crdlaw.com

Attorneys for Defendants,
City of Upland, Officer Lavelle Brown,
and Officer Eric Widen

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARSHOD MEHTA, an individual; and KAUSHIKA MEHTA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ERIC WIDEN, an individual; LAVELL BROWN, an individual; JAMES HAROLD BELL III, an individual; and CITY OF UPLAND, a public entity; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>[28 U.S.C. § 1441 (Federal Question)] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants, City of Upland and Officer Eric Widen and Officer Lavelle Brown, hereby remove to the United States District Court, Central District of California the state court action described below.

1. On or about March 13, 2015, an action was commenced in the County of San Bernardino Superior Court, entitled <u>Harshod Mehta, et al. v. Eric Widen, et al.</u>, bearing case number CIV DS1503538.  Attached hereto as Exhibit "A" is a copy of the original Complaint that was filed in this action.

///

2. Defendant City of Upland was served with this action on May 15, 2015. Defendants Eric Widen and Lavelle Brown were also served with this action on or about May 15, 2015.

3. To the knowledge of these defendants, no other defendant has been served.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by the defendant pursuant to the provisions of 28 U.S.C. § 1441 (b) and (c), in that it involves claims for violations of 42 U.S.C. § 1983.

5. To the knowledge of these removing defendants, all named defendants who have been served with the Summons and Complaint in this action join in this Notice of Removal.

DATED: June 12, 2015        CARPENTER, ROTHANS & DUMONT

By: _____
STEVEN J. ROTHANS
JILL WILLIAMS
Attorneys for Defendants,
City of Upland, and
Officers Eric Widen and Lavelle Brown

# EXHIBIT "A"

RECEIVED
UPLAND CITY
CLERK'S OFFICE

15 MAY 14 PM 4:08

**SUM-100**

| SUMMONS | FOR COURT USE ONLY |
|---|---|
| (CITACION JUDICIAL) | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ERIC WIDEN, an individual; LAVELL BROWN, an individual;
JAMES HAROLD BELL III, AN INDIVIDUAL; CITY OF UPLAND,
a public entity, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HARSHOD MEHTA, an individual; and KAUSHIKA MEHTA, an individual



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 13 2015

By _____ EDMOND CASTRO, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* San Bernardino Superior Court<br>247 W. Third Street<br>San Bernardino, CA 92415 | CIV DS1503538 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher Driscoll, Jonas & Driscoll, LLP, 1108 Sartori Ave. #320, Torrance, CA 90501

| DATE:<br>*(Fecha)* MAR 13 2015 | Clerk, by<br>*(Secretario)* EDMOND CASTRO | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* City of Upland A Public Entity
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Public Entity
4. ☒ by personal delivery on *(date):* 5/14/15

[SEAL] COPY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

RECEIVED
UPLAND CITY
CLERK'S OFFICE

15 MAY 14 PM 4:08

1  LAW FIRM OF JONAS & DRISCOLL, LLP
   1108 SARTORI AVENUE
2  SUITE #320
   TORRANCE, CA 90501
3  tel:  (213) 683-2033
   fax:  (310) 218-4980
4  Christopher L. Driscoll, State Bar #167801

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 19 2015

BY _____
EDMOND CASTRO, DEPUTY

5  Attorney for Plaintiff, Harshod Mehta & Kaushika Mehta

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    COUNTY OF SAN BERNARDINO

11  HARSHOD MEHTA, an individual;      )   Case#  CIV DS1503538
    and KAUSHIKA MEHTA, an individual; )
12                                     )
                                       )   COMPLAINT FOR NEGLIGENCE
13            plaintiffs,              )   AND LOSS OF CONSORTIUM
    vs.                                )
14                                     )   UNLIMITED JURISDICTION
                                       )
15  ERIC WIDEN, an individual; LAVELL  )
    BROWN, an individual; JAMES        )
16  HAROLD BELL, III, an individual; and)
    CITY OF UPLAND, a public entity; and)
17  DOES 1 through 50, inclusive,      )
                                       )
18            defendants.              )
                                       )

20       Plaintiffs, Harshod Mehta and Kaushika Mehta, for causes of action against the
21  defendants, and each of them, complain and allege as follows:

23                          GENERAL ALLEGATIONS
24       1.    Plaintiff Harshod Mehta and Kaushika Mehta are individuals.

27  ─────────────────────────────────────────
    Complaint for Negligence and Loss of Consortium
28                              1

2. Defendants Eric Widen, Lavell Brown, and James Harold Bell III are individuals.

3. Defendant City of Upland is a public entity.

4. The true names and capacities of the defendants, DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are not known to plaintiffs, who therefore sue said defendants by such fictitious names and plaintiffs will ask leave of court to amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of defendants designated herein as a DOE is legally responsible in some manner for the events and happenings referred to herein and negligently or otherwise caused the injuries and damages to the plaintiff as herein alleged.

5. At all times herein mentioned, each defendant was the agent and employee of each of the remaining defendants, and in doing the things hereinafter mentioned each defendant was acting within the course and scope of his employment and authority as such agent and employee and with the consent of his co-defendants.

6. Defendants Eric Widen and Lavell Brown were police officers for the City of Upland and acted under color of law and in the course and scope of their employment with the City of Upland at all relevant times.

7. The negligence and carelessness of each defendant combined and cooperated with the negligence and carelessness of each of the remaining defendants to cause the injuries herein described.

8. The action is filed in this county/judicial district where plaintiff suffered personal injury.

9. Plaintiff has duly complied with any and all government claims statutes. Plaintiff's government claim was filed August 14, 2014 and rejected by the City of Upland on September 17, 2014.

//

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS

(NEGLIGENCE)

(Harshod Mehta v. Lavell Brown, Eric Widen, James Harold Bell III

and City of Upland and DOE defendants)

10. Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 9 above as if fully set forth herein.

11. On February 18, 2014, Harshod Mehta was stopped in his vehicle at the intersection of Euclid and Foothill in the City of Upland, California. Mehta was facing westbound. City of Upland police officer Lavell Brown was engaged in a high speed vehicle pursuit of suspect James Harold Bell III. During the course of the chase Bell lost control of his vehicle resulting in a vehicular collision between Bell and Mehta.

12. Following the collision, a City of Upland police officer, Eric Widen, forcibly, violently and unnecessarily pulled Harshod Mehta from his vehicle chasing Harshod Mehta to strike the ground. Harshod Mehta's principal physical injury is to his arm and hand and was caused by striking the ground after being violently pulled form his vehicle. The responsible officer could also be Lavell Brown, as Harshod Mehta has no prior familiarly with the responsible officers and officers Widen and Brown are the only officers identified in the incident report. Officers Brown and Widen were acting in the course and scope of their employment with the City of Upland at the time of the incident.

13. (a) At such time and place defendant Bell, and DOES 1 through 50 negligently owned, maintained, controlled, operated, and drove the Bell vehicle, including failing to pull over for police and engaging in multiple vehicle code violations, so as to directly and proximately cause it to crash and to directly and proximately cause the injuries and damages hereinafter described.

Complaint for Negligence and Loss of Consortium

3

(b) At such time and place defendant Brown and DOES 1 through 50 negligently owned, maintained, controlled, operated, and drove the City of Upland police vehicle so as to directly and proximately cause it to crash and to directly and proximately cause the injuries and damages hereinafter described, as the engaging in the chase itself violated the duty of care owed to Mehta and other citizens and placed citizens at an unreasonable and unnecessary risk of harm. A public entity is liable for death or injury to a person or property proximately caused by a negligent or wrongful act or omission in operation of any motor vehicle by an employee of the public entity acting within the scope of his employment pursuant to Cal. Vehicle Code 17001. In addition, defendants, including the City of Upland failed to comply with the requirements of California Vehicle code 17004.7.

(c) At such time that Widen and/or Brown and DOE defendants, unnecessarily and with excessive force pulled Harshod Mehta from his vehicle and threw Mehta to the ground defendant(s) failed to act reasonably and violated the duty of care as to plaintiff.

14. At such time and place Defendants Brown, Widen, Bell and Does 1 through 50 proximately cause the injuries and damages hereinafter described.

15. As a direct and proximate result of the negligence of Defendants, plaintiff Harshod Mehta was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereby alleges that said injuries will result in permanent disability to plaintiff, all to plaintiff's general damage in an amount in excess of the minimum jurisdictional limits of this Court.

16. As a further direct and proximate result of the negligence of defendants, plaintiff Harshod Mehta has incurred and will in the future incur expenses for surgery, hospitalization, examination, cure and treatment of his injuries, the exact nature and extent of which are unknown

Complaint for Negligence and Loss of Consortium
4

to plaintiff at this time.

17. As a further direct and proximate result of the negligence and carelessness of defendants and each of them, plaintiff Harshod Mehta will be unable to pursue his vocation, and has been unable to run his business, and has therefore, suffered and will suffer in the future, a loss of earnings and earning capacity and profits, and has also incurred losses, the exact amount of which is unknown to plaintiff at this time.

18. As a further direct and proximate result of the negligence and carelessness of defendants and each of them, plaintiff Harshod Mehta has suffered property/loss of use damage in an amount to be determined at trial.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
## (BATTERY)

(Harshod Mehta v. Lavell Brown, Eric Widen,

and City of Upland and DOE defendants)

19. Plaintiff's repeat and reallege all of the allegations contained in paragraphs 1 through 18 above as if fully set forth herein.

20. On February 18, 2014, following the above described collision, a City of Upland police officer, Eric Widen and/or Lavell Brown and DOE defendants, forcibly, violently and unnecessarily pulled Harshod Mehta from his vehicle causing Harshod Mehta to strike the ground. Harshod Mehta's principal physical injury is to his arm and hand and was caused by striking the ground after being violently pulled form his vehicle. Officers Brown and Widen were acting in the course and scope of their employment with the City of Upland at the time of the incident.

21. In doing the acts as alleged above, Defendants intended to cause harmful and

Complaint for Negligence and Loss of Consortium
5

offensive contact with Plaintiffs' person.

22. As a result of Defendants' acts as alleged above, Defendants, in fact, did cause harmful and offensive contact with Plaintiffs' person.

23. As a direct and proximate result of the negligence of Defendants, plaintiff Harshod Mehta was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereby alleges that said injuries will result in permanent disability to plaintiff, all to plaintiff's general damage in an amount in excess of the minimum jurisdictional limits of this Court.

24. As a further direct and proximate result of the negligence of defendants, plaintiff Harshod Mehta has incurred and will in the future incur expenses for surgery, hospitalization, examination, care and treatment of his injuries, the exact nature and extent of which are unknown to plaintiff at this time.

25. As a further direct and proximate result of the negligence and carelessness of defendants and each of them, plaintiff Harshod Mehta will be unable to pursue his vocation, and has been unable to run his business, and has therefore, suffered and will suffer in the future, a loss of earnings and earning capacity and profits, and has also incurred losses, the exact amount of which is unknown to plaintiff at this time.

26. As a further direct and proximate result of the negligence and carelessness of defendants and each of them, plaintiff Harshod Mehta has suffered property/loss of use damage in an amount to be determined at trial.

//

//

---

Complaint for Negligence and Loss of Consortium

6

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
## (42 U.S.C. 1983 EXCESSIVE FORCE)
(Harshod Mehta v. Lavell Brown, Eric Widen,
and City of Upland and DOE defendants)

27. Plaintiff repeats and realleges all of the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28. **42. U.S.C. SECTION 1983.** Defendants, acting under color of state law, willfully, intentionally, knowingly, maliciously and concertedly deprived Plaintiff of rights and privileges and immunities secured by the Constitution and laws of the Untied States, including the Fourth, Eighth and Fourteenth Amendments, proximately causing the damages herein claimed, by *inter alia*:

(a) On February 18, 2014, following the above described collision, a City of Upland police officer, Eric Widen and/or Lavell Brown and DOE defendants, forcibly, violently and unnecessarily pulled Harshod Mehta from his vehicle causing Harshod Mehta to strike the ground. Harshod Mehta's principal physical injury is to his arm and hand and was caused by striking the ground after being violently pulled form his vehicle. Officers Brown and Widen were acting in the course and scope of their employment with the City of Upland at the time of the incident.

29. As a direct and proximate result of the negligence of Defendants, plaintiff Harshod Mehta was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, all of which injuries have caused and continue to cause plaintiff great mental, physical, and nervous pain and suffering. Plaintiff is informed and believes and thereby alleges that said injuries will result in permanent disability to plaintiff, all to plaintiff's general damage in an amount in excess of the minimum jurisdictional

1. limits of this Court.

2. 30. As a further direct and proximate result of the negligence of defendants, plaintiff Harshod Mehta has incurred and will in the future incur expenses for surgery, hospitalization, examination, care and treatment of his injuries, the exact nature and extent of which are unknown to plaintiff at this time.

31. As a further direct and proximate result of the negligence and carelessness of defendants and each of them, plaintiff Harshod Mehta will be unable to pursue his vocation, and has been unable to run his business, and has therefore, suffered and will suffer in the future, a loss of earnings and earning capacity and profits, and has also incurred losses, the exact amount of which is unknown to plaintiff at this time.

32. As a further direct and proximate result of the negligence and carelessness of defendants and each of them, plaintiff Harshod Mehta has suffered property/loss of use damage in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## (LOSS OF CONSORTIUM)

(By Plaintiff Kaushika Mehta against all Defendants)

33. Plaintiffs reallege as though fully set forth and incorporate herein by reference all of the allegations and statements contained in paragraphs 1 through 32, inclusive.

34. At all times mentioned herein, plaintiffs Harshod Mehta and Kaushika Mehta were and are each others' lawful spouses pursuant to the laws of the State of California.

35. As a direct and proximate result of the negligence and other torts of defendants, and each of them, and the injuries suffered by Harshod Mehta as set forth herein, plaintiff Kaushika Mehta has suffered the loss of care, comfort, society, counsel, services and consortium

Complaint for Negligence and Loss of Consortium
8

with her spouse, all to her damage in a sum in excess of the jurisdictional limits of this Court.

WHEREFORE, plaintiffs HARSHOD MEHTA and KAUSHIKA MEHTA, pray judgment against defendants ERIC WIDEN, LAVELL BROWN, JAMES HAROLD BELL, III, CITY OF UPLAND, and DOES 1 through 50 as follows:

1. As to all Causes of Action, for actual damages according to proof;
2. As to all Causes of Action special damages according to proof;
3. As to all Causes of Action for prejudgment interest at the legal rate;
4. For costs of suit herein incurred; and
5. As to the Third Cause of Action only, Reasonable attorneys' fees and expenses of litigation, pursuant to 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988;
6. For such other and further relief as the Court may deem proper.
7. To the extent that the personal resources of the individual defendants herein are deficient in the amounts necessary to furnish a suitable remedy to Plaintiff, Defendant City of Upland is liable for such deficiency pursuant to California Code § 815.2(a).

Dated: March 12, 2015          LAW FIRM OF JONAS & DRISCOLL, LLP

By: _____
    Christopher Driscoll

    Attorneys for Harshod Mehta
    and Kaushika Mehta

Complaint for Negligence and Loss of Consortium
9

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen and not a party to the within entitled action. My business address is 888 South Figueroa Street, Suite 1960, Los Angeles, California 90017.

On **June 12, 2015**, I served the foregoing document(s) described as:

## NOTICE OF REMOVAL OF ACTION

upon the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed to the following persons:

Christopher I, Driscoll
LAW FIRM OF JONAS & DRISCOLL, LLP
1108 Sartori Avenue, Suite 320
Torrance, CA 90501
*Attorney for Plaintiffs*

**BY MAIL**
__X__ I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

Executed on **June 12, 2015,** at Los Angeles, California.

**FEDERAL**
__X__ I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Susana Guzman
(Signature)

- 1 -
PROOF OF SERVICE