1  **LAW FIRM OF JONAS & DRISCOLL, LLP**
   **1108 SARTORI AVENUE**
2  **SUITE #320**
   **TORRANCE, CA 90501**
3  **TEL:       (213) 683-2033**
   **FAX:       (310) 218-4980**
4  **EMAIL:     cdrisk@aol.com**
   **Christopher L. Driscoll, State Bar #167001**

**Attorney for Plaintiff HARSHOD MEHTA AND KAUSHIKA MEHTA**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARSHOD MEHTA, an individual, and KAUSHIKA MEHTA, an individual;<br><br>    plaintiff,<br><br>vs.<br><br>ERIC WIDEN, an individual; LAVELL BROWN, an individual; JAMES HAROLD BELL, III, an individual; a CITY OF UPLAND, a public entity, and DOES 1 through 10, inclusive.<br><br>    defendants.<br>_____ | **Case#** EDCV 15-01164 VAP(DTBx)<br><br>**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT/ PARTIAL SUMMARY ADJUDICATION**<br><br>[Filed concurrently with Evidence Submitted in Support of Opposition to Motion for Summary Judgment/Partial Summary Adjudication; Statement of Controverted/ Uncontroverted Facts; Conclusions of Law]<br><br>Date:  August 22, 2016<br>Time:  2:00 p.m.<br>Place: Courtroom 780 |

_____

-i-

**TABLE OF CONTENTS**

I.    INTRODUCTION/SUMMARY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   RELEVANT FACTS/BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.   LEGAL PRINCIPLES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1.   GENERAL LAW RE: SUMMARY JUDGMENT. . . . . . . . . . . 4

        2.   EXCESSIVE FORCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            (A)   Graham v. Connor.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

            (B)   Because Cases of Excessive Force by their Nature Involve Disputed Facts, Summary Judgment is "Sparingly" Granted on the issue. . . . . . . . . . . . . . . . . . . . . 6

            (C)   The Intent of the Officer whether "Evil" or well intentioned is irrelevant.. . . . . . . . . . . . . . . . . . . . . . . . . . . 7

            (D)   Qualified Immunity:  Well Intentioned but Unreasonable Mistakes Are a Basis for Liability. . . . . . . . . . . . . . . . . . . . 8

            (E)   Defendant's Argument that there is no "Seizure" are Plainly Untrue. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            (F)   Cal Health & Safety Code Section 1799.107. . . . . . . . . . 10

            (G)   State Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

            (H)   Loss of Consortium. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# TABLE OF AUTHORITIES

CASES

Adams v. Speers
    473 F.3d 989, 994 (9th Cir. 2007).................................... 8

Anderson v. Creighton
    483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed. 2d 523 (1987). .............. 5

Anderson v. Liberty Lobby, Inc.
    477 U.S. 242, 249-255, 106 S.Ct. 2505, 2511-2513 (1986). .............. 7

Baldwin v. Placer County
    418 F.3d 966 970 (9th Cir. 2005) .................................... 9

Blueofred v. Prunty
    108 F.3d 251, 254 (9th Cir. 1997).................................... 7

Brower v. County of Inyou
    489 U.S. 593, 596-597, 109 S.Ct. 1378, 103 L.Ed 2d 628 (1989).......... 8

Bryan v. MacPherson
    630 F.3d 805, 831 (9th Cir. 2010).................................... 6

Clash v. Beatty
    77 F.3d 1045, 1048 (7th Cir. 1996) .................................. 10

Cornwell v. Electra Central Credit Union
    439 F.3d 1018, 1029-1030 (9th Cir. 2006)............................. 4

Deorle v. Rutherford
    272 F.3d 1272, 1286(9th Cir. 2001). .................................. 8

Forrett v. Richardson
    112 F.3d 416 420 (9th Cir 1997). .................................... 6

Graham v. Connor
    490 U.S. 386, 388, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989). ............ 7

Hill v. California
    401 U.S. 797, 803-804, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971)............ 8

Hopkins v. Andaya
    958 F.2d 881, 888 (9th Cir. 1992).................................... 5

Hope v. Pelzer
    536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed. 2d 666 (2000). ............ 8

Jackson v. Hoylman
    933 F.2d 401, 403 (6th Cir 1991)..................................... 7

Jensen v. City of Oxnard
    145 F.3d 1078, 1086 (9th Cir. 1998)) .................................... 8

LaLonde v. County of Riverside
    204 F.3d 947 (960(9th Cir. 2000) ....................................... 10

Liston v. County of Riverside
    120 F.3d 965, 976 n.10 (9th cir. 1997)................................... 6

Mendoza v. Block
    27 F.3d 1357, 1362 (9th Cir. 1994)....................................... 8

Nationwide Life Ins. Co. V. Bankers Leasing Ass'n, Inc.
    182 F.3d 157, 160 (2d Cir. 1999)......................................... 4

Oliver v. Fiorino
    586 F.3d 898; 907-8, (11th Cir. 2009). .................................. 8

Robinson v. Solano County
    278 F.3d 1007, 1013-15 (9th Cir 2002) ................................... 9

Santos v. Gates
    287 F.3d 846, 853 (9th Cir. 2002)........................................ 6

Scott v. United Sates
    436 U.S. 128, 138, 98 S.Ct. 1717, 56 L.Ed2d 168 (1978)................... 7

Tennesee v. Garner
    105 S.Ct. 1694, 471 U.S. 1, 11-12 (1985). ............................... 6

Willings v. City of Oakland
    350 F.3d 949 (9th Cir. 2003)............................................. 8

**OTHER:**

Cal. Health & Safety Code 1799.107. ........................................ 10

Rutter, Federal Civil Procedure Before Trial 14:123..........................4

Rutter, Federal Civil Procedure Before Trial 14:224..........................4

Rutter, Federal Civil Procedure Before Trial 14:251.5........................5

# I.
# INTRODUCTION/SUMMARY

On February 18, 2014, the Upland Police Department conducted a high speed chase the resulted in a crash. In the aftermath of that crash Defendant Brown of the Upland Police Department was confused as to who the suspect was, and based upon the unreasonable mistake, pointed a gun at plaintiff Harshad Mehta, and violently threw Harshad Mehta to the ground causing significant injury. Brown, later realized his mistake and dragged Harshad Mehta from the scene.

Defendants motion is based entirely on the false premise that Brown only took actions to protect Mehta and remove him from the scene.

When the disputed facts are taken into consideration, Defendants motion fails. It is well established that a plaintiff can sue under 42 U.S.C.1983 for a Fourth Amendment Excessive Force violation based upon an officers mistaken understanding of the facts.

# II.
# ARGUMENT

A.   **RELEVANT FACTS/BACKGROUND**

**Crime, Pursuit and a Crash**

On February 18, 2014, a car jacking occurred in the city of Upland. [DSS#20, 21, 22.] Officer Widen of the Upland police Department initiated a high speed pursuit. [DSS#23].

On the night of the accident February 18, 2015, Mr. Mehta was traveling home from his business a liquor store. [PSS#60] Mehta was stopped at Euclid and Foothill waiting at a red light just prior to the accident. [PSS#61].

The chase ended at the intersection of Foothill and Euclid in the City of Upland with a crash involving multiple vehicles including Mehta's Black BMW. [DSS 30-32].

In spite of being struck, the airbags in Mehta's vehicle did not deploy. [PSS#62].

Bell never had a weapon and it was never reported in any way that Bell had a Weapon. [PSS#63].

**Extrication**

After the accident Mehta was sitting in his vehicle. Officer Brown knocked on the window of plaintiff's driver side door. The officer pointed his gun directly at Mehta and motioned with his other hand for Mehta to unlock his door. Mehta unlocked the door, and Brown opened the door right away. Mehta asked "what was going on?" [PSS#64].

Once the Door was opened Brown shouted to Mehta to take off his seat belt. Brown was pointing his gun directly at Mehta. Mehta released his seatbelt. Brown then forcefully threw Mehta to the ground, and held a gun directly to Mehta's head. [PSS#65].

Mehta felt his thumb break on impact with the ground and also felt pain and a click in his back from being violently thrown to the ground. [PSS#66] The throw was strong enough that Mehta required thumb surgery to repair the injury in April of 2014. [PSS#67]. Based upon how hard he was thrown to the ground and the Gun being pointed at him Mehta believed that Brown thought he was a criminal and may shoot Mehta. [PSS#68].

Mehta cried out asking why the officer was hurting him and explained that he was not the criminal. [PSS#69].

Brown, realized his mistake, and then dragged Mehta to the rear tire of

-2-

1  Mehta's vehicle, followed by Brown pointing his gun in the direction of the Bell's
2  SUV. [PSS#70]
3      Mehta was later taken across the street by Brown. [PSS#71].
4      It should be noted that Brown claims that he merely pulled Mehta from the
5  vehicle before Mehta was pulled across the street. Brown denies that Mehta Struck
6  the ground or was positioned on the ground. [PSS#72].
7      **Brown's Confusion**
8      As is clear by the prior described actions – (1) pointing a gun directly at
9  Mehta and (2) violently throwing Mehta to the ground so as to cause injury --,
10 Brown was confused as to which car the perpetrator of the crime was.
11     Brown has a belt Recorder at the time of the incident. It was protocol for the
12 belt recorder to be activated at the time of the incident. Not shockingly, the belt
13 recording of the interaction between Mehta and Brown does not currently exist.
14 One can presume the recording was destroyed or "lost." [PSS#73].
15     As written in his Report and read chronologically, Brown arrives AFTER
16 the accident. [PSS#74].
17     Although Brown provides an excuse, Brown confirmed that dispatch
18 records show that Brown did not arrive at the scene of the accident until two
19 minutes after it occurred. [PSS#75].
20     Interestingly in Widen's Report for the description of the incident, it
21 appears as though some information regarding Mehta was removed from the
22 report. [PSS#76]
23     Further, Widen cannot verify Brown's story as Officer Widen did not view
24 Mr. Mehta being extricated from the vehicle. [PSS#77]
25     Brown claimed that he wanted to make sure that the man in the BMW was
26 ok. [Brown Depo., 38:2-39:16.] However, this makes no sense Brown admits that

he had not one word with Mehta to assess Mehta's injuries, or determine if he had a spinal injury before pulling him from the vehicle. [Brown Depo. 100:13-102:6; 52:20-54:5].

**Aftermath**

In spite of the surgery, the injury to Mehta's hand was so severe that Mehta still has pain and cannot even clench his fist. [Mehta Depo., 137:6-141:23; 141:9-144:23.]

As a result of his injuries and his inability to work steadily and his mental state, Mehta lost his livelihood, a liquor store located in Upland. [Mehta Depo., 39:9-43:21.]

**B.     LEGAL PRINCIPLES**

**1.     GENERAL LAW RE: SUMMARY JUDGMENT**

"Circumstantial evidence alone may create a genuine issue of material fact, sufficient to defeat a motion for summary judgment. <u>Cornwell v. Electra Central Credit Union</u>, 439 F.3d 1018, 1029-1030 (9th Cir. 2006).

Because summary judgment is a "drastic device," cutting off a party's right to present its case to a jury, the moving party bears a "heavy burden" of demonstrating the absence of any triable issue of material fact. <u>Nationwide Life Ins. Co. V. Bankers Leasing Ass'n, Inc.</u>, 182 F.3d 157, 160 (2d Cir. 1999). Rutter, <u>Federal Civil Procedure Before Trial</u> 14:123. "Ultimate facts are conclusions or characterizations based on historical facts . . . If there is any dispute as to the underlying historical facts, summary judgment of course cannot be granted." Rutter, Federal Civil Procedure Before Trial 14:224.

"The judge's function is not himself to weigh the evidence and determine

the truth of the matter but to determine whether there is a genuine issue for trial Credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249-255, 106 S.Ct. 2505, 2511-2513 (1986).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249-255, 106 S.Ct. 2505, 2513 (1986).

In Hopkins v. Andaya 958 F.2d 881, 888 (9th Cir. 1992) a police officer moved for summary judgment in a suit for wrongful death of an arrestee. He testified that he was bludgeoned by the arrestee and killed in self-defense. The only opposing evidence was a medical report (1) showing the Officer's injuries were superficial; and (2) containing inconsistent statements by the Officer. Despite his first hand testimony to the contrary, this entirely circumstantial evidence was sufficient to create a triable issue of fact. Rutter, Federal Civil Procedure Before Trial 14:251.5.

**2. GENERAL LAW RE: EXCESSIVE FORCE**

**(A) Graham v. Connor**

General: Claims of excessive force by law enforcement officials are analyzed under the Fourth Amendments's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989) The reasonableness of a seizure is judged from the perspective of the officer on the scene, rather than with hindsight. Id. At 396, 109 S.Ct. 1865 Id. In evaluating a claim of excessive force, a court must determine reasonless by considering the severity of the crime involved, the threat to the safety of the offer posed by the suspect, and any resistance to arrest. **Id.**

If it is feasible to do so, Police officers are to give a warning before using force. Tennesee v. Garner, 105 S.Ct. 1694, 471 U.S. 1, 11-12 (1985); Bryan v. MacPherson, 630 F.3d 805, 831 (9th Cir. 2010); Forrett v. Richardson, 112 F.3d 416 420 (9th Cir 1997).

Assuming plaintiff's contentions as true, Brown had no basis to use any force of plaintiff. Plaintiff committed no crime, posed no threat to Brown, and did not resist – he complied with every order.

This issues presented by Brown allegedly providing rescue or emergency care are addressed later.

**(B)    Because Cases of Excessive Force by their Nature Involve Disputed Facts, Summary Judgment is "Sparingly" Granted on the issue**

Because the reasonableness standard "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002) (citing Liston v. County of Riverside, 120 F.3d 965, 976 n.10 (9th cir. 1997))

Liston v. County of Riverside, 120 F.3d 965, 976 N.10 (9th cir. 1997 ("We have held repeatedly that the reasonableness of force used is ordinarily a questions of fact for the jury.")

When "[t]he parties dispute virtually all of the essential facts surrounding the excessive force claim, ... it is impossible to determine, without choosing between the parties' sharply different factual accounts, whether the force the

officers used, objectively assessed, was reasonable." Jackson v. Hoylman, 933 F.2d 401, 403 (6th Cir 1991).

**(C)  The Intent of the Officer whether "Evil" or well intentioned is irrelevant.**

We must remember that this is an OBJECTIVE analysis rather than SUBJECTIVE. The fact that there was no evil intent by Defendant is irrelevant and not the basis for any defense under the law. Objective reasonableness must be determined "without regard to [the officer's] underlying intent or motivation. Graham, 490 U.S. at 397, 109 S.Ct. 1865. Just as "[a] officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force, nor will an officer's good intentions make an objectively unreasonable use of force constitutional." I.d (citing Scott v. United Sates, 436 U.S. 128, 138, 98 S.Ct. 1717, 56 L.Ed2d 168 (1978)).

**(D)  Qualified Immunity: Well Intentioned but Unreasonable Mistakes Are a Basis for Liability**

A particular right is "clearly established" if "the contours of [that] right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed. 2d 523 (1987). To show that a right in question is clearly established one need not show the "behavior had been previously declared unconstitutional, only that the unlawfulness was apparent in light of preexisting law." Blueofred v. Prunty, 108 F.3d 251, 254 (9th Cir. 1997)

     Adams v. Speers 473 F.3d 989, 994 (9th Cir. 2007) (denying qualified immunity where suspects non-dangerousness and officer's failure to warn before shooting placed the case squarely within the obvious:).

     Courts have never required a prior precedent "on all fours prohibiting that particular manifestation of unconstitutional conduct to find a right "clearly established." Deorle v. Rutherford, 272 F.3d 1272, 1286(9th Cir. 2001). Police officers can still have "fair warning" that their conduct is a violation of established law "even in novel factual circumstances." Hope v. Pelzer, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed. 2d 666 (200), and even when "a novel method is used to inflict injury." Mendoza v. Block, 27 F.3d 1357, 1362 (9th Cir. 1994). Oliver v. Fiorino, 586 F.3d 898; 907-8, (11th Cir. 2009) (officer who repeatedly tased comoliant, unarmed man not suspected of any crime, even in absence of case law factually on point.)

     A Seizure is a "governmental termination of freedom of movement through means intentionally applied" and a "seizure occurs even when an unintended person or thing is the object of the detention or taking:); Brower v. County of Inyou, 489 U.S. 593, 596-597, 109 S.Ct. 1378, 103 L.Ed 2d 628 (1989).

     Where an officer's particular use of force is based on a mistake of fact, we ask whether a reasonable officer would have or should have accurately perceived that fact. Jensen v. City of Oxnard, 145 F.3d 1078, 1086 (9th Cir. 1998). Willings v. City of Oakland, 350 F.3d 949 (9th Cir. 2003) (Shooting of police officer based on mistaken belief that officer was a normal citizen not proper for summary judgement and not subject to qualified immunity; reasonableness of shooters actions is an issue of fact). See eg Hill v. California, 401 U.S. 797, 803-804, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971) (whether wrongful arrest of individual based on mistaken identity is constitutional violation relies on whether such mistake was

-8-

reasonable).

Defendants argue qualified immunity under their own different interpretation of facts. Defendants argue that Brown, who knew where the perpetrator was, and knew where the victim was, came to the aid of Mehta and merely pulled Mehta from the Vehicle.

Defendants specifically argue

> "It is undisputed that Officer Brown's only contact with Mr. Mehta occurred when he physically grabbed Mr. Mehta's shoulder and/or shirt collar, pulled Mr. Mehta out of this vehicle, and dragged Mr. Mehta across the street."

(Plaintiff's Points and authorities P14:14-17)

Plaintiff's allegations are very different. Plaintiff alleges that Brown was confused as to which vehicle was which and rushed in, pointed a gun at Mehta's head, and forcefully extricated Mehta and then threw him to the ground, severely injuring Mehta. Following this Brown held Mehta at gun point on the ground before realizing his error.

Under one scenario a police officer is acting as a good Samaritan. In the other the police officer makes a foolish error and applies significant force to the wrong person and hold them at gunpoint. As we learned earlier plaintiffs may properly sue for such mistakes.

**(E) Defendant's Argument that there is no "Seizure" are Plainly Untrue**

Robinson v. Solano County, 278 F.3d 1007, 1013-15 (9th Cir 2002) (en banc) (aiming weapons at a suspect may, in certain circumstances, constitute excessive force); Baldwin v. Placer County, 418 F.3d 966, 970 (9th Cir. 2005)

-9-

(pointing weapons and pushing plaintiff could constitute excessive force); LaLonde v. County of Riverside, 204 F.3d 947 960 (9th Cir. 2000) (tight handcuffing can constitute excessive force); Clash v. Beatty, 77 F.3d 1045, 1048 (7th Cir. 1996) ("[P]olice officers do not have the right to shove, push or otherwise assault innocent citizens without any provocation whatsoever.").

### (F) Cal Health & Safety Code Section 1799.107

Defendants argue that Cal. Health & Safety Code 1799.107 provides qualified immunity. First of all, this code section would apply to state claims only. The section provides that "emergency rescue personnel providing emergency services" for "any injury cause by an action taken by the emergency rescue personnel acting within the scope of their employment ... unless the action taken was performed in bad faith or in a grossly negligent manner." Id.

Even if this section were somehow relevant to the Federal Claims, it is of no matter. Defendants' argument PRESUMES that Brown was acting to protect the health of a bystander and completely ignores Plaintiff's version of events. The facts clearly support the contention that Brown was not taking action as someone "providing emergency services," but instead Carelessly had a mixup as that Mehta was Bell, and placed a Mehta, an innocent victim, at gunpoint, and used substantial force against Mehta .

### (G) State Claims

Defendants raise no additional or separate defenses on the State Claims above and beyond the Fourth Amendment Arguments. As Defendants Arguments on the Fourth Amendment fail, so do they also on the state claims.

### (H) Loss of Consortium

It is correct that Kaushika Mehta's Loss of Consortium claim rises and falls

-10-

with those of her husband. However, for the above-argued reasons. Plaintiff's Claims still stand.

## IV.

## CONCLUSION

There is no question that there are two entirely separate events that are described by the two parties. Defendant claims that he saw Harshad Mehta in danger, put himself in jeopardy, and immediately pulled Harshad Mehta to a place of safety. Plaintiff claims that Defendant Brown was confused about the identity of the suspect and aimed a gun at him. Plaintiff then claims after he complied with an order to remove his seatbelt was immediately and violently thrown to the ground causing severe injury. Brown again aimed his gun at Mehta for a short while until Brown realized his error. Only at that point did Brown begin to engage in any sort of "aid" or "rescue." Brown then pulled Harshad Mehta across the street.

There is no question that a jury can find plaintiff's version of events true, and under such a finding, there is no question that Brown is legally responsible for the injuries proximately caused by him.

It may be distasteful to the court that liability can be found without any sort of evil intent on behalf of Defendant Brown. Nonetheless no such evil intent is required under the law and plaintiff is entitled to a remedy.

Dated: July 29, 2016                LAW FIRM OF JONAS & DRISCOLL, LLP

                                    By: /x/ Christopher Driscoll
                                        Christopher Driscoll
                                        Attorneys for Plaintiffs